UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JOSE MIGUEL ALEGRIA SANTANA,

                Plaintiff,

    -against-                            **MEMORANDUM AND ORDER**
                                                                21 CV 4078 (CLP)

1610 DELI CORP, *et al.,*

                Defendants.

------------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

      On August 20, 2021, plaintiff Jose Miguel Alegria Santana commenced this action by filing a complaint against 1610 Deli Corp. and Aracelis Valdez ("defendants"). Plaintiff claims to have worked as a deli worker for defendants from December 3, 2020 until approximately June 11, 2021. (Compl.[1] ¶¶ 31-32). He seeks to recover unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the N.Y. Lab. Law § 650 *et seq.* ("NYLL"), and the annual notice and wage statement requirements of the New York Labor Law contained in NYLL §§ 195(1), (3). (Id. ¶¶ 58-83).

      On April 13, 2022, plaintiff, together with defendants, filed a joint motion for settlement approval. (ECF No. 27). On April 28, 2022, this Court held a fairness hearing pursuant to Cheeks v. Freeport Pancake House, 796 F.3d 199 (2d Cir. 2015). For the reasons set forth in this

---

[1] Citations to "Compl." Refer to the Complaint filed on July 20, 2021, ECF No. 1.

Order, the Court approves the parties' settlement as fair and reasonable and approves plaintiff's request for attorney's fees and costs.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that defendant 1610 Deli Corp. is a domestic corporation organized under New York law and located at 1610 Nostrand Avenue, Brooklyn, NY 11226. (Compl. ¶¶ 16-17). Plaintiff alleges that individual defendant Aracelis Valdez "operates" 1610 Deli Corp "as either an alter ego of herself and/or fails to operate" the corporation" as a "legally separate" entity from herself. (Id. ¶ 25). According to plaintiff, between 2020 and 2021, defendants "separately and jointly" had a gross annual volume of sales not less than $500,000 and were "directly engaged in interstate commerce." (Id. ¶¶ 27-28). Moreover, defendants had the power to hire and fire plaintiff, controlled the conditions of his employment, and determined the rate and method of his compensation. (Id. ¶ 26). As such, defendants employed plaintiff within the meaning of the FLSA and NYLL. (Id.)

Plaintiff claims that the defendants willfully failed to pay him overtime and minimum wages and failed to give him proper notice of his rate of pay and wage statements in violation of the FLSA and NYLL. (Id. ¶¶ 58-83). According to plaintiff, during the time that he worked for defendants from approximately December 3, 2020 until about June 11, 2021, plaintiff worked from 8:00 a.m. until 4:00 p.m., Mondays through Saturdays, and from 9:00 a.m. until about 3:00 p.m. on Sundays, for a total of 54 hours per week. (Id. ¶ 36). Plaintiff claims that during the entirety of his employment with defendants he was paid a flat rate of $600 per week. (Id. ¶ 38). Plaintiff alleges that defendants "never" afforded him "any breaks or meal periods of any kind." (Id. ¶ 39). Moreover, according to plaintiff, defendants never provided him with a wage notice or wage statements. (Id. ¶¶ 41-43).

During a settlement conference held on March 21, 2022, the parties informed the Court that they expected to settle, and on April 13, 2022, the parties filed a joint motion for settlement approval setting out the agreed settlement amount and payment plan. On April 28, 2022, the Court conducted a fairness hearing pursuant to Cheeks v. Freeport Pancake House, 796 F.3d 199.

DISCUSSION

I. Legal Standards

In determining whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 WL 9398950, at *1 (E.D.N.Y. June 12, 2008) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that, where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation")). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." Fisher v. SD Prot. Inc., 948 F.3d 593, 606 (2d Cir. 2020) (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)). "[E]ven though a district court has a duty to review an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable." Id. at 606. Rather, if the court finds one or more provisions of an FLSA settlement agreement to be unreasonable, the Court must reject the proposed settlement. Id. at 605.

## II. Settlement Terms

The total proposed settlement amount is $12,000. (Ltr. Mot.[2] at 2; Agr.[3] ¶ 1). According to the parties, by entering into the agreement, plaintiff is foregoing possibly collecting $27,572.76 in unpaid wages, liquidated damages, and penalties for violations of the Wage Theft Prevention Act. (Ltr. Mot. at 2). Of that potential recovery, $8,505 represents compensation for plaintiff's unpaid wages. (Id.)

Plaintiff explains, however, that defendants have raised issues of fact regarding the number of hours that plaintiff worked and have also produced employment records that contradict plaintiff's claims. (Id.) In addition, defendants' business has been "financially strained" by the pandemic and defendants have limited funds with which to pay a judgment. (Id.) Thus, according to plaintiff, the settlement agreement is a fair outcome. (Id.)

---

[2] Citations to "Ltr. Mot." refer to plaintiff's letter motion for settlement approval filed on April 13, 2022, ECF No. 27.
[3] Citations to "Agr." refer to the parties proposed settlement agreement filed with the Court on April 13, 2022, ECF No. 27-1.

Weighing the settlement amount agreed to here against the inherent risks and burdens that plaintiff would face in pursuing his claims, and seeing no issues regarding potential coercion, fraud, or collusion in this case, the Court finds that the settlement reached is fair and reasonable. See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 335.

III.     Attorney's Fees and Costs

According to the agreement, plaintiff's counsel will receive $4,000 of the settlement amount, representing "one third of the recovery in this litigation plus costs." (Ltr. Mot. at 2; Agr. ¶ 1).

Courts must assess the reasonableness of plaintiffs' attorney's fees, regardless of whether the fee has been negotiated as part of the settlement amount. Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013)). The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA settlements are reasonable: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

In addition, courts in this Circuit routinely employ the "percentage of the fund" method as a guide to determining reasonable attorney's fees. See McDaniel v. County of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). Using this method, courts have found an award representing one-third of the settlement amount to be reasonable in FLSA cases. Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases).

5

Plaintiff's counsel's requested fees and costs are reasonable. Counsel was able to navigate a settlement successfully and quickly. Moreover, when the proposed attorney's fees are subtracted from the total settlement amount, plaintiff will recover $8,000, which is within a few hundred dollars of the $8,505 in unpaid wages that he claimed that he was owed in the Complaint. Thus, as plaintiff's counsel is requesting approximately one-third of the settlement, a percentage typically found reasonable in this Circuit, and upon review of the parties' submission and consideration of the Goldberger factors set forth above, the Court finds the requested fees and costs to be reasonable.

## CONCLUSION

After holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiff's claims. The Court reached its determination after considering the amount received, the issues that might have limited or precluded recovery, and the fact that the parties engaged in arm's-length negotiations between experienced counsel sufficient to understand the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements). The Court also finds that plaintiff's counsel's request for fees and costs is reasonable.

The parties are directed to file a stipulation of dismissal **by June 8, 2022**.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing system or by mail.

**SO ORDERED.**

Dated: May 9, 2022
      Brooklyn, New York

                                  **/s/** Cheryl L. Pollak
                                  _____

                                                                                           Cheryl L. Pollak
                                                                                           United States Magistrate Judge
                                                                                           Eastern District of New York